Chief Justice Robertson
delivered the Opinion of the Court.
Riley and Payne, each being a patentee of the same land, under the. statute of 1815, authorizing the appropriation of vacant- territory in this state,—the Circuit Court, on a bill filed for that purpose by the former, decreed that the latter relinquish to him his legal title, deemed by that court paramount in judgment of law. That, decree is now to be considered.
It appears that Payne’s survey, made in 1819, was not registered- until s.ometime in 1829—after the date of Riley’s survey, which was made in March, 1829; but that nevertheless Pajm.e’s grant was issued prior to that of Riley, who.se survey was registered within the time prescribed by the act of 1815.
The application, of the ninth and eleventh sections of the.statute to, these facts will leave but little room to doubt that, though Payne’s patent is the oldest, his legal title is inferior to that of Riley.
*39 The ninth section provides, that the legal title “shall relate to the time of survey;”—and it is declaredly the eleventh section that the legal title vested by a patent issued on a survey not registered within the time (one year) prescribed by law, shall have relatidn to the time when the survey was actually registered, and that “the title conveyed by such grants shall, “in contests with other “ claimants, be considered valid from the date of the re- “ gistry only—and not from the date of the survey, as is “ heroin provided for those claims which are registered . . ,, 1 in time.
It thus appears, according to those enaótments, that j i ' ( Riley’s legal title, coeval ivith the dale of his survey, registered within a year after it was made, is superior and prior to the legal title of Payne, which, by operation of law, is simultaneous with the registry of his plat and certificate, since the date of Riiey’s survey; and consequently, Riley’s legal title seems to be superior to that of Payne.
Hence a question of jurisdiction at once arises.
Riley having, according to the facts exhibited, the paramount legal right, a Court of Equity had no jurisdiction to decree a relinquishment by Payne, unless there was some obstruction to Riley’s legal remedy by-entry or action. No such obstruction has been shown, or even suggested. It does not appear that Riley was in possession of the land claimed by each. And Payne’s5 patent shows, on its face, that his plat and certificate were not registered until June, 1829, after the date of Riley’s survey. That patent, therefore, appearing on its front to be posterior, in judgment of law, to that of Riley, could present no obstacle to the establishment of Riley’s legal right, in any Of the ordinary legal modes, but would always, whenever and wherever exhibited.; show facts which would establish, by operation of law, the inferiority of Payne’s legal title; Wo are, therefore, of the opinion, that there is no ground for the interposition of a Court of Equity.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded with instructions to dismiss the bill, for want of jurisdiction.-