AULICK
*vs*
COLVIN.

---

## Aulick *vs* Colvin.

APPEAL FROM THE PENDLETON CIRCUIT.

*Pre-emption rights. Equitable jurisdiction. Costs.*

JUDGE BRECK delivered the opinion of the Court.

CHANCERY.

6bm289
138    475

Case 58.

Oct. 28.

AULICK having recovered a judgment in ejectment against Colvin, upon a patent which issued upon a survey made in 1834, Colvin exhibited this bill and obtained an injunction against said judgment, asserting a superior equity to the land, under the act of the 15th January, 1831, as the occupier and improver thereof, and which he had subsequently surveyed and carried into grant. The Court below perpetuated the injunction and decreed Aulick to surrender his elder legal title to the land in contest; and from that decision Aulick has appealed to this Court.

The case stated.

We are satisfied that Colvin manifested his right to relief to the extent that his patent covered the land in contest. But it appears that Aulick's grant embraces about eight acres more land than is embraced in the survey and grant of Colvin, and which was also included in the recovery in ejectment. Whether the Court was right in perpetuating the injunction and decreeing Aulick to surrender his elder legal title to the eight acres, is the only question which we deem important to decide.

Colvin appears to have been in the use and occupation of all the land embraced in Aulick's grant when he made his survey, and consequently, under the act referred to, (2 *Stat. Law*, 1037,) had a pre-emptive right to appropriate it, and Aulick having failed to give him three months' notice as the act requires, of his intention to enter and appropriate the same, Colvin has a clear right to relief in equity, to the extent of his subsequent appropriation

Since the statute of 1831, (*Stat. Law;* 1037,) no person can appropriate vacant land which is in the occupancy of another, without giving such occupant three months' notice of an intention to appropriate it,

AULICK
vs
COLVIN.

within which time the occupant may appropriate it; 4 *Mon.* 104; 4 *B. Mon.* 396.

Equity may relieve against a patent obtained in fraud of the pre-emptive right of a settler upon vacant land west of the Tennessee river, upon proof of the intention of the occupant to appropriate the land. The statute in regard to this land is variant from that in regard to other vacant lands in Kentucky.

—By the statute in regard to other lands than such as are below the Tennessee river, is not that the pre-emptive right of the occupant forfeited if not asserted, after 3 months' notice of an intention by another to appropriate—Qu.

thereof: see *Pearson* vs *Baker*, (4 *Monroe*, 104;) *Kennedy* vs *Kennedy*, (4 *B. Monroe*, 396.) Whether his equitable claim to relief does or not depend upon such subsequent appropriation, is a question which has not been decided by this Court.

Under the acts granting pre-emption rights to settlers upon the public lands below the Tennessee river, this Court has decided that the settler was entitled to relief in equity against a patentee, who had appropriated the land and obtained the legal title in fraud of such settler's pre-emptive rights, and that his right would not depend upon his having procured a junior grant. But the law regulating the mode of entering and appropriating those lands, was not applicable to the lands in contest in this case. Those lands were surveyed and laid off into sections and fractions of sections, and when a tract was once entered, the same tract could not be taken up by a second entry. This Court, therefore, held that the settler was entitled to relief against the fraudulent grantee, by showing that it was his intention, and that he would have entered and appropriated the land had he not been prevented by the previous illegal entry of the patentee. But the Court also held that such intention must be satisfactorily established, and without such proof that he would not be entitled to relief: see *Johnson* vs *Graham*, (5 Dana, 542;) and *Harrison* vs *Woodruff*, (6 *Dana*, 188.) In this case Colvin was not prevented from demonstrating his intention to take up the land by a subsequent or second entry, which would furnish the most satisfactory evidence. Besides, the statute granting pre-emptive privileges to setlers below the Tennessee, is different in its provisions from the act upon which Colvin relies. The law in the former case gave the settler a limited period, within which his right of entry was secured. In the latter case, the occupier or improver has an abiding pre-emptive right, and which he forfeits only upon failing to assert it within three months after notice of an intention by another to appropriate the land. In view of the character of the latter act, and as the complainant was not prevented from entering the land by the previous illegal entry of Aulick, we are not satisfied that other evidence of such intention

than a subsequent entry and grant, should be deemed sufficient to entitle him to relief.

But without deciding that question, we are of opinion the complainant has not even brought himself within the rule held applicable to the settler below the Tennessee. He does not alledge nor prove an intention, and that he would have appropriated the eight acres but for the previous entry and appropriation by Aulick.

The survey made in 1833, seems to have been abandoned as embracing more land than his land warrant authorized, and a re-survey was made afterwards, and after the survey of Aulick, reducing the first survey to one hundred and fifty acres, the quantity in his warrant, and leaving out the eight acres in contest. The last survey, therefore, so far from indicating an intention to appropriate the eight acres, furnishes evidence rather of an intention to abandon it. He continued in possession of this fraction for several years after he obtained his grant for the 150 acres, without any attempt to appropriate it, and without offering to pay the State price to Aulick and demanding a surrender of his title; nor has he yet offered to pay him the expense in carrying it into grant. We are of opinion, therefore, that the Circuit Judge erred in perpetuating the injunction except to the extent that the recovery in the ejectment embraced the land in the junior grant of the complainant; as to any land recovered out side of that grant, the injunction should have been dissolved, and to that extent the bill dismissed.

The decree is, therefore, reversed, and the cause remanded, that a decree may be rendered as indicated; and as the appellant seeks a reversal of the decree upon the whole merits thereof, and has failed except as to a small fraction of the land in controversy, the costs in this Court will be divided.

*Trimble and Cates & Lindsey* for appellant: *B. & A. Monroe* for appellee.

---

**AULICK**
*vs*
**COLVIN.**

An occupant of land east of the Tennessee, after another had made a survey, surveyed a part of the land in occupancy, proved no intention to appropriate the residue— Held that he was not entitled to relief in equity as to the residue against one who had obtained an elder legal title.

The appellant sought to reverse an entire decree but failed except as to 8 acres out of 150. The costs in this Court divided.