DAVIDSON v. COMBS.

[Kentucky Law Reporter, Vol. 5—812.]

**Trespass by Cutting Timber.**

> An answer by one sued for trespass in cutting timber states a complete defense when it admits that the timber was cut within the acreage of plaintiff's patent of 1846, but alleges that defendant entered under a patent for two hundred acres issued in 1861 on a warrant from the county court, defining his patent and alleging an adverse entry and holding for more than twenty years before the institution of the action, and that the plaintiff was not in possession whwen defendant entered, and if no reply is filed to the allegations made they should be taken as true and the jury instructed to find for the defendant.

**Holding Under Color of Title.**

> In order that one claiming title may be entitled to a presumptive occupancy to the extent of the claimed boundary, he must enter and occupy under the belief that his title is good. Under the law requiring the order of the county court for the location, the survey, the entry and patent, it must be presumed that the defendant knew that the patent obtained by him was within the patent boundary of a former patent, and thus he can not claim to hold under color of title.

APPEAL FROM PERRY CIRCUIT COURT.

February 29, 1884.

OPINION BY JUDGE HINES:

This action was brought by appellee against appellant to recover for trespass, by cutting timber, to a certain boundary of land claimed by appellee under a patent for twenty-five hundred acres issued in 1846 on a warrant from the Perry County Court. To this appellant answered, admitting his claim to be entirely within the twenty-five hundred acres covered by the patent of appellee, but alleging that he entered under a patent for two hundred acres issued in 1861 on a warrant from the Perry County Court, defining the boundary of his patent, alleging an adverse entry and holding for more than twenty years before the institution of the action, and that appellee was not in possession when appellant entered. To this answer there was no reply; and as the allegations, if true, are sufficient to entitle

appellant to hold the land by adverse possession of fifteen years the answer should have been taken as true and the jury instructed to find for appellant. This was not done, but a trial had as if the allegations of the answer had been controverted, and there was a verdict and judgment for appellee. The failure of the court to instruct as indicated, and an erroneous instruction given by the court as to the seven years' statute under a junior patent, entitle appellant to a reversal, but as the case must go back for a new trial it is proper to state the law as it may become applicable to the facts as they may be then presented.

The statute law under which both of these patents were issued finds its origin in the act of February, 1835 (Acts 1834, ch. 875), which transfers to the several counties for road and bridge purposes all the vacant lands north and east of the Tennessee river. In the conclusion of that act it is provided that "any survey or patent made or issued under this act, which interferes with any survey or patent heretofore made or issued shall be null and void." The main provisions of the act of 1835 are carried forward into the Revised Statutes 1860, ch. 102, and into the General Statutes 1883, ch. 109, § 3, subsec. 8, Revised Statutes 1860, ch. 102, which were in force at the time of the survey and patent for two hundred acres, made and issued in 1861, is as follows: "None but vacant land shall be subject to appropriation under this chapter. Every entry, survey, or patent, made or issued under this chapter, shall be void so far as it embraces lands previously entered, surveyed, or patented." This is the same as Gen. Stat. 1883, ch. 109, § 3, now in force.

The following provision of Rev. Stat. 1860, ch. 63, art. 2, and Gen. Stat. 1883, ch. 71, art. 2, bears upon the question of limitation presented in the instructions:

"No action at law or in equity shall be brought under or by virtue of an adverse, interfering entry, survey, or patent, to recover the title or possession of land from an occupant where he, or the person under whom he claims, has a connected title thereto in law or equity, deducible of record from the commonwealth, and has or shall have had an actual occupancy of the same by settlement thereon, under such title, for seven years before the commencement of the action, and such possession of land shall bar and toll the right of entry into such land by any person, under an adverse title or

33

claim, and such possession as will bar the right to recover the same, shall vest the title in the occupant or his vendee."

This court in *McMillan's Heirs v. Hutcheson*, 4 Bush (Ky.) 611, construing the act of 1835 and the provision last quoted, held that the junior patent, to the extent of interference with the senior patent, was void. In the opinion it is said that "He," the junior patentee, "stands, therefore, in this contest, just as he would had he never procured a survey or patent; and as he has had no title derived from the commonwealth, the limitation of seven years for the protection of actual settlers under any such title does not apply to his settlement under his void patent, which conferred no right or title, and placed him in no better or more meritorious position than a settler without any documentary claim; for when he made his location he knew that he was intruding on the possession of McMillan and the survey of Watson."

The act of 1835, construed in the opinion referred to, is the same in effect as the acts quoted from the Revised Statutes and from the General Statutes. The only difference is the omission of the word "null" preceding "void," which is found in that act but omitted in the revisions referred to. That word so omitted neither added to nor detracted from the word "void." They mean one and the same thing, and the lopping process was only in conformity to good taste. That such conclusion is in conformity to the legislative intention is manifested further by the fact that an act of 1815 declared that the title of the intruder should be "inferior" to that of the prior occupant; and as further evidence of legislative construction in conformity to this view is the fact that the words "inferior" and "null" are both omitted from the General Statutes, which were adopted long after the delivery of the opinion in the McMillan case.

From these premises and from the admitted facts it follows that the entry, survey and patent to the two-hundred-acre tract is void. Neither the entry, survey nor patent confers upon appellant any right or privilege whatever, and therefore the court erred in giving the instruction as to the seven years' adverse holding under this patent claim.

This question being eliminated, there arises another inquiry the solution of which may be important on a retrial. To what extent of boundary is appellant entitled by reason of adverse holding? · If appellee had entered upon and was in possession of the land, under

the twenty-five-hundred-acre patent, at the time appellant entered, that possession extended to the boundary of the patent, and appellant would be entitled to recover only such portion as he may have had actually enclosed for the statutory period of fifteen years. But if at the time appellant entered appellee was not in possession, claiming under his patent, appellant will be entitled to recover to the extent of a defined boundary when it is made to appear that appellant's occupancy is actual, visible, notorious, distinct and hostile, and extends uninterruptedly over the statutory limit of fifteen years.

When there is an entry under a claim of right, whether legal or equitable, oral or written, and the person so entering in good faith believes that he has a title to a notoriously defined boundary, his actual occupancy may be extended by implication to the limit of that boundary, and title vested in the occupant to that extent after the expiraion of the fifteen years' limitation. This is what is ordinarily denominated "holding under color of title." But in order that a claimant may be entitled to a presumptive occupancy to the extent of the claimed boundary, he must enter and occupy under the belief that his title is good. Here such presumption can not be entertained in behalf of appellant. The source of title of both appellant and appellee is the same. The county court records of necessity show both entries and surveys, and the patent office shows both patents. Under the law requiring the order of the county court for the location, the survey, the entry and patent, it must be presumed that appellant knew that the patent obtained by him was within the patent boundary of appellee. Knowing this he is not permitted to shelter himself under the "color of title," and thus by implication extend the boundary of his occupancy to the limit of his claim.

A junior patent not declared void by the statute gives a colorable title that may entitle the patentee, after fifteen years' adverse occupancy of a part of the patent boundary, claiming to the extent of the patent, to the whole; but in such case the occupancy and claim of the junior patentee must be within the boundary of the older patent. 3 Washburn on Real Property (4th ed.), ch. 2, § 7; *Webbs v. Hynes,* 9 B. Mon. (Ky.) 388, 50 Am. Dec. 515; *Franklin Academy v. Hall,* 16 B. Mon. (Ky.) 472; *Bell v. Longworth,* 6 Ind. 273.

Judgment *reversed* and cause remanded for further proceedings.

*G. W. French, B. F. French, for appellant.*

*John L. Scott, for appellee.*

[Cited, *Gibson v. Board,* 102 Ky. 505, 19 Ky. L. 1568, 43 S. W. 684; *Miracle v. Arnett,* 19 Ky. L. 1854, 44 S. W. 641; *Middlesboro Waterworks v. Neal,* 105 Ky. 586, 20 Ky. L. 1403, 49 S. W. 428; *American Ass'n v. Innis,* 109 Ky. 595, 22 Ky. L. 1196, 60 S. W. 388; *Bevins v. Collins-Worth,* 141 Ky. 423, 134 S. W. 441.]