Kirk v. Williamson.

CASE 27—PATENT—JUNE 9, 1884.

# Kirk v. Williamson.

APPEAL FROM MARTIN CIRCUIT COURT.

1. A patent is not void for uncertainty where the land is accurately surveyed and the exclusions specify the quantity of acres and the names of the owners of the portions excluded.
2. The Commonwealth, having once received payment for the land and issued a patent for it in good faith, can not again permit it to be appropriated under *chapter* 109, *General Statutes*, even if the title had in any way again vested in the Commonwealth.

JAS. S. STEWART FOR APPELLANT
No brief in the record.

JNO. S. VANWINKLE AND HAMPTON & PRITCHARD FOR APPELLEE.

1. The territory included within the patent boundaries is reasonable in size and well fixed in shape. Nothing of the sweeping and indiscriminating lines appears here. All of the land excluded or excepted from the grant are definitely identified and capable of exact location by following the lead of the words used in the patent; both the names of the owners and the area of each tract excepted being given. Drath v. Ramsey, Hardin, 34; Craig v. Cooper, *Ib.*, 386; Madison v. Owens, Litt. Sel. Cases, 281; 10 Coke; 67 B., vol. 5, 368; 4 Howard, 376; Brown's Legal Maxims, 238; Preston on Conveyancing, 41; 2 Wilson, 73; 5 B. & C., 106; 2 Saunders, 96; 4 Bas. At., 508; 11 Peters, 589; 13 Grattan, 589; 3 Johnson, 378; 10 B. Mon., 144; 11 Peters, 557; 1 Shepperd–Touchstone, 79; 4 Johnson; 4 Johnson, 378; 4 Bacon's At., 524; 1 Tenn., 380; 1 Wall., 215; 7 Cranch, 618; 17 Howard, 545; 11 *Ib.*, 279; 3 Head, 48; 7 Heiskill, 719; Stewart v. Bolt, MS. Op., Oct., 1876; Sears v. Bryant, MS. Op., June, 1872; 3 Bolt., 121; 12 Bush, 381; 5 Haywood (Tenn.), 189; 7 Mon., 82.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee, Williamson, holds a patent for 2,200 acres of land issued by the Commonwealth of Kentucky on the 29th day of July, 1856. After the usual form of grant, the patent describes the 2,200 acres by metes and bounds, courses, and distances, and at the close of the description contains an exclusion in the following words: "Prior claims, 300 acres for William H. McNew; 500 acres for John Deskins; 100 acres for Johnant Cecil; 50 acres for Benjamin Maynard; 150 acres for Lewis Deskins."

On the 3d day of September, 1881, the appellant, Kirk, entered and surveyed a considerable parcel of said 2,200 acres, locating his entry on the parts not within any of the exclusions, and now insists that he had the lawful right to do so on the alleged ground that the patent owned by appellee, Williamson, is void for uncertainty.

In the first place the patent is not void for uncertainty, because the land is accurately surveyed and the exclusions specify the quantity of acres, and the names of each of the owners of the portions excluded. Madison's heirs v. Owens, Littell's Sel. Cases, page 281. Second, if the patent was void for uncertainty, the appellant would have no right to enter, survey, or carry into grant any part of appellee's patent boundary, because it appears from the record that the entry and survey which preceded the patent were duly made, and the Commonwealth having received payment for this land, and issued a patent for it in good faith once, could not again permit it to be appropriated under chapter 109, General Statutes, even if the title had, in any way, become again vested in the Commonwealth. Section 3, chapter 109, page 819, General Statutes.

Then there is another provision of the last section and chapter named that forbids and renders absolutely void every entry, every survey, and every patent made or issued under that chapter so far as the entry, survey or patent embraces lands previously entered or surveyed or patented. The object of this provision of the statute is to discourage the nefarious practice of searching out defects in patents, and then knowingly entering the lands which had been honestly entered and surveyed and paid for by the patentee; and also to destroy the power of junior entries or surveys or patents (either or all), which had been honestly and legally made and returned as required by law. If a person enters land and pays for it and complies with the statute in having the entry and survey made in the time fixed by law, no other person has any right either

to enter, survey, or patent the same land ; and when-·
ever the Commonwealth lawfully patents the land once,
it can not, for any cause, patent the same land again as·
vacant or unappropriated land, for that would breed.
confusion and contention.

The statute says so in these words: "No land shall'
be subject to appropriation under this chapter (109)   *
*   *   *   *   which has been *once patented*, and the·
title of the same has, in any way, become again vested
in the Commonwealth."

Either of the facts admitted by this record, to-wit .
of the entry, survey, or patent would be sufficient on
which to base a judgment sustaining the caveat filed by
appellee.

Judgment affirmed.