Goosling, &c., v. Smith.

CASE 24—PETITION ORDINARY—APRIL 17.

# Goosling, &c., v. Smith.

APPEAL FROM PIKE CIRCUIT COURT.

| 90 | 157 |
|----|-----|
| 96 | 97 |

| 90 | 157 |
|-----|-----|
| f102 | 508 |
| a102 | 511 |

| 90 | 157 |
|-----|-----|
| 109 | 610 |
| 90 | 157 |
| 115 | 508 |

1. AN ENTRY OF LAND which has been already surveyed for another is void.

2. ENTRIES AND SURVEYS.—The provision of the statute for the survey of entries successively in point of time in which they are made does not invalidate a survey which precedes the entry of the land. That provision merely gives to a party who makes the first entry of land then subject to entry the right to have survey first made, and that right he may, if necessary, enforce by judicial proceedings.

3. PATENTS.—It is not essential to the validity of a patent that the plat and certificate should have been filed within six months from date of the survey.

P. A. CLINE, A. J. AUXIER, W. MAYO CONNELLY, RICHARD M. FERRELL AND J. S. CLINE FOR APPELLANTS.

1. A patent issued upon lands previously entered, surveyed or patented is void. (McMillen's Heirs v. Hutcheson, &c., 4 Bush, 613; Kirk v. Williamson, 82 Ky., 162; Davidson, &c., v. Combs, &c., 5 Ky. Law Rep., 812; Gardner v. Jackson, MS. Op., March 12, 1885; Gen. Stats., chap. 109, sec. 3.)

2. A survey, if properly made, is good, even though no previous entry was ever made. (Parker v. Patrick, 16 B. M., 168.)

R. T. BURNS AND STEWART & STEWART FOR APPELLEE.

A survey made without an entry is not a survey *in law*, and notwithstanding such a survey, the land covered by it is still vacant and subject to appropriation. (Gen. Stats., chap. 109.)

    This question is referred to in Parker v. Patrick, 16 B. M., 567, but not decided.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

To recover the three tracts of land in controversy appellee relies on a patent for each, issued July 2, 1885; upon entries dated January 5, 1885; surveys made February 2, 1885, and plats and certificate of survey recorded February 9, 1885.

Appellants, Goosling, McCoy and Goff, rely as defense to the action upon patents for the same tracts issued to Goff May 12, 1887, surveys having been made in his name December 30 and 31, 1884, and January 1, 1885, though entries do not appear to have been made upon the surveyor's book until February 6, 1885.

By section 2, chapter 109, General Statutes, it is provided a party obtaining an order of the county court, authorizing him to enter and survey vacant and unappropriated land, may, by an entry in the surveyor's book of the county, describing the same, appropriate the quantity of land it calls for in one or more parcels he may think best, not exceeding two hundred acres in any one county. By section 3 it is provided the surveyor shall survey the entries in the succession in point of time in which the same are made, bounding the same by plainly-marked trees, stones or stakes, noting where it binds on a watercourse, or the marked line of another survey, giving names. Such survey must be made within six months from and after the date of entry, and a plat and certificate of the survey must be made out by the surveyor and recorded in his books, and the original thereof and a copy of the order of court under which it is made must be deposited in the Register's office within six months after survey is made; in which case legal title of the land bears date from time of making the survey; but if done after expiration of that period, the legal title shall take effect from date of the patent.

The provision for survey of entries successively in

point of time in which they are made was not, we think, intended to invalidate a survey which precedes entry of the same land, nor to give to one party, in virtue of his entry merely, a prior right to appropriate land which appears from the plat and certificate recorded in the surveyor's book to have been already surveyed for another; for the statute provides that "every entry, survey or patent made or issued under this chapter shall be void, so far as it embraces lands previously entered, surveyed *or* patented."

The language quoted precludes necessity of concurrence of entry, survey *and* patent by and for one party in order to render void subsequent entry, survey or patent of the same land for another, but in express terms makes the existence of either sufficient. While, therefore, a party who makes the first entry of land then subject to entry may, if necessary, enforce by judicial proceedings his right to have survey first made, nevertheless, if there has been already either an entry or survey made of the same land by another, his entry, survey and patent are, in the meaning of the statute, to be treated as void.

It thus results that, as the record stands, appellant, Goff, must be regarded as having legal title to the three tracts of land, which took effect from May 12, 1887, date of his patent, and that the one issued to appellee, though elder in date, is void. But the lower court assumed, in instructions to the jury, that although Goff had the oldest survey, his patent could not avail, because not issued within six months from such survey. The statute does not make the right to a patent depend upon the plat and certificate being

filed within six months from date of the survey; on the contrary, provides expressly the Register of the Land Office may receive plats and certificates after expiration of·that period, and, as a necessary consequence, issued a valid patent. In this case the entries and surveys were made by appellee before expiration of six months from the entry·and survey of Goff, and whatever might have been the effect if done afterwards, they were void, and, being so, could not afterwards operate to give validity or vitality to the patents issued July 2, 1885.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.