Gibson, etc. v. Board.

---

Case 83—PETITION ORDINARY—December 18.

## Gibson, Etc. v. Board.

APPEAL FROM BREATHITT CIRCUIT COURT.

VACANT LANDS—VOID PATENT.—Under the provision of Chapter 102 Section 3, sub-section 8 of the Revised Statutes, that "every entry or survey **or** patent made or issued under this chapter shall be void so far as it embraces lands previously entered, surveyed or patented," and the provision of sub-section 7 thereof that "the legal title of the land shall bear date from time of making the survey," and the provision of sub-section 10 thereof, that "the register may receive plats and certificates of survey after the expiration of the time herein allowed by law for returning the same; but in such case the legal title shall take effect only from the date of the patent," a patent issued to one on November 12, 1867, on a survey made April 3, 1857, and registered August 12, 1867, is valid although not filed within the time required by law: and a patent issued to another for the same land August 30, 1866, on a survey made in April or May, 1866, is void.

D. D. SUBLETT FOR APPELLANTS.

1. While appellant's patents did not issue for more than ten years

Gibson, etc. v. Board.

after the entries and surveys were made upon which, they were
issued, the court will take judicial knowledge of the fact that
the civil war intervened between those dates and that after that
time for several years there existed in Breathitt county lawless-
ness to such an extent as to prevent the holding of courts therein
and the transaction of public business.  Under these circum-
stances appellant should not be held to a strict compliance with
the statute.  Am. & Eng. Ency. of Law, vol. 12, pages 174 and
176 and notes.

2. The surveys on which appellee's patents were issued were made
long after the entries and surveys upon which appellant's
patents were issued, and are therefore void under the express
terms of the statute.  Stanton's Revised Statutes, vol. 2, chap.
102, page 431.  Gosling v. Smith, 90 Kentucky, 157; McMillan v.
Hutchinson, 4 Bush, 613.

JOHN L. SCOTT & SON, ON SAME SIDE.

1. The answer of appellee did not contain the specific denials re-
quired by section 126 of the Civil Code and a demurrer thereto
should have been sustained.

2 The deeds and patents offered in evidence show conclusively that
the title to the land was in appellant.

WALLACE & McDONALD FOR APPELLEE.

1. While appellant's surveys were made some years before those of
appellee they were not registered in the land office nor were the
patents thereon issued until about a year after appellee's patents
were issued.

Sec. 3, chapter 102, of the Revised Statutes, under which these
patents were issued requires that the plat and certificate
of survey shall be deposited in the register's office within four
months after the survey is made, and where it is so deposited
within the time prescribed the legal titles vest from the date of
the survey; but if it is deposited after that time
the legal title vests only from the date of the patent.
Flippin v. Hayes, 3 Met., 215; Adams v. Frazier, 14 Ky.
Law Rep., 311; Raines v. King, 14 Ky. Law Rep., 49; Payne v.
Riley, 4 Dana, 38; Pearl v. Davis, 4 Dana, 443; Duff v. Morgan,
7 Ky. Law Rep., 302; Waller v. Logan, 5 B. M., 534.

W. S. PRYOR, IN PETITION FOR REHEARING FOR APPELLANTS.

1. Under the Revised Statutes an entry, survey or patent upon land
previously entered is absolutely void.  Gosling v. Smith, 90 Ky.;

Perry v. Johnson, 16 Ky. Law Rep., 309; Kirk v. Williamson, 82 Ky., 162.

WALLACE & McDONALD, IN PETITION FOR REHEARING FOR APPEL-LEES, AFTER THE LAST OPINION WAS RENDERED.

1. The surveys under which appellants claim not having been reg-istered for more than ten years after they were made could not be the foundation for valid patents and did not prevent the is-sual of valid patents for the same land to appellee; and appel-lants having failed to show good title to the land in themselves, can not recover from appellee for any trespass thereon, even though appellee's title be also defective. Raines v. King, 14 Ky. Law Rep., 49; Bryant v. Work, 90 Ky., 530; Adams v. Frazier, 14 Ky. Law Rep., 311; Duff v. Morgan, 7 Ky. Law Rep., 302.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The petition for rehearing is granted and the opinion de-livered November 30, 1897, is withdrawn.

The appellants, Gibson & Cunningham, brought this action against Board to recover damages for cutting and removing timber off of certain tracts of lands particularly described in the petition. Board denied that he had wrongfully cut and removed the timber, and in the amended petition averred that he was the owner of two of the tracts of land hereafter referred to. The court adjudged that he was the owner of them. Neither of the parties have shown a possessory title to the land. The case must turn upon the question as to who acquired the title to the property under the grants from the Commonwealth.

The appellants, Gibson & Cunningham, claim under the Caleb Puckett patents for fifty acres each. The survey upon which patent No. 40481 was issued was made April 3, 1857, and registered August 12, 1867, and the patent was issued November 12, 1867. The survey upon which patent No. 40483 was issued, was made April 3, 1857, and registered August 12, 1867, and the patent granted November 12, 1867.

The appellee, Board, claims under the Hezekiah Webb patent, dated August 30, 1866, which was issued upon a survey made April or May, 1866, which patent covers the ɪme land covered by the patents to Puckett.

It will be observed that the patentee through whom Board claims the land entered, surveyed and had the patent issued after the land had been surveyed by Caleb Puckett. All these entries, surveys and patents were under chapter 102, Revised Statutes, relating to "Treasury Warrant Claims." This chapter had its origin in the act of 1835. Following the language of subsection 8, section 1, chapter 102, Revised Statutes, which is as follows, to-wit: "None but vacant land shall be subject to appropriation made under this chapter. Every entry, survey or patent made or issued under this chapter shall be void so far as it embraces lands previously entered, surveyed or patented."

This court has held in Kirk v. Williamson, 82 Ky., 161; Goosling v. Smith, 90 Ky., 157; Davidson, &c. v. Combs, &c., 5 Ky. Law Rep., 812; Terry v. Johnson, 16 Ky. Law Rep., 309 (construing chapter 102, Revised Statutes), that every entry, survey and patent is void so far as it embraces land previously entered, surveyed or patented. The act of 1835 contained substantially the same provision as the one which we have quoted, and in construing it in McMillan's Heirs v. Hutcheson, &c., 4 Bush, 611, the court held that such entries, surveys and patents were void. Under the cases cited the Hezekiah Webb entry, survey and patent are void, and he acquired no title to the land in virtue thereof. It follows that Board had no title to the land.

The appellants, Cunningham & Gibson, having acquired

title through the Caleb Puckett patent, they were entitled to maintain the action.

Subsection 7, section 1, chapter 102, Revised Statutes, reads as follows: "The legal title of the land shall bear date from the time of making the survey."

Subsection 10, section 1, chapter 102, Revised Statutes, reads as follows: "The register may receive plats and certificates of surveys after the expiration of the time herein allowed by law for returning the same; but in such case the legal title shall take effect only from the date of the patent."

It will be observed that under subsection 7, that when the parties making the entry and survey comply with the law they acquire title to the land of, the date of the survey. Whilst under subsection 10, if they do not file their surveys with the register within the time fixed by the law, "the legal title shall take effect only from the date of the patent."

It is difficult to see what the legislature intended by this provision, if no rights could be acquired by reason of any entry and survey made or patent which issued between the time at which the previous survey should have been filed with the register and the issuing of the patent thereon. As an original proposition, it could be very plausibly argued that the legislature intended to retain substantially section 11 of the act of 1815 by subsection supra; however, to take that view it is necessary, in order to give any effect to subsection 8, section 1, chapter 102, Revised Statutes, to hold that unless the party making the previous survey filed it within the time the law required, it was not to be regarded as valid in a controversy between the party who made it

and one who made a subsequent survey, unless the former was carried into grant before the second survey was carried into grant; hence the legal title vested in the party who made the first survey of the date of the patient. However, this court has had before it for interpretation chapter 102, Revised Statutes, containing both of these provisions, and has construed them as heretofore stated. We feel that we should adhere to the previous rulings of the court.

The act of 1815 contains a section which was expressly intended to meet questions similar to the one involved in this case. Under that act the actual survey was considered the commencement of the title, and when perfected by grant the title related to the time of the survey. Another section of that act to which we have just referred provided that if the plat and certificate of survey was not returned into the register's office within the time precribed by the statute, such plat and certificate could be registered a 1 grants issued thereon; but in any contests with other claimants such grants were to be considered as vesting title from the date of the registry only, and not from the date of the survey.

Under the interpretation given that statute in Payne v. Riley, 4 Dana, 38, the title under the Hezekiah Webb patent would be held to be superior to that of the Caleb Puckett patent. The same statute as interpreted in Payne v. Riley was the one which was interpreted in Rains v. King, &c., 14 Ky. Law Rep., 38. It appeared in that case that on April 14, 1837, a survey was made for King & Loughlin under the treasury warrant dated in February, 1834, but was not returned to the register's office and registered until Decem-

ber 6, 1846, and the patent thereon issued in June, 1847. It will be observed from the date of the treasury warrant that it was issued prior to the act of.1835; and the court held that their rights should be determined by the provisions of the statute in force when it was issued.

The court in Rains v. King was not construing chapter 102, Revised Statutes. In Adams v. Frazier, 14 Ky. Law Rep., 311, the dates of the entries, surveys and patents do not appear, hence we are unable to tell what statute the court was construing.

When we consider the statutes which the courts were called upon to interpret it is apparent there is no conflict in the decisions of the court on the question involved in this case.

We adhere to the doctrine announced in McMillan Heirs v. Hutchison, &c.; Kirk v. Williamson; Gosling v. Smith, and Davidson v. Combs, for the reasons we have given.

The judgment is reversed for proceedings consistent with this opinion.