CASE 62.—ACTION BY THE COMMONWEALTH FOR THE USE OF ROBERTA S. BRYANT AGAINST FRANK P. JAMES AUDITOR.—May 27, 1910.

## Commonwealth, for use of Bryant v. James, Auditor.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Public Lands—Patents—Conclusiveness—Collateral Attack. —If a patent is void because the Land Office had no jurisdiction to issue it, its validity may be collaterally attacked, but if it is void only because of fraud upon the commonwealth or the county court in issuing it, it must be attacked in a direct proceeding to vacate it.

2. Public Lands—Grants—Remedies for Fraud—Cancellation of Patent—Actions—Parties—State Auditor.—An action to annul a patent to public land as obtained by fraud is a transitory action, to which only the respective claimants are proper parties; the State Auditor not being a proper party, because he is custodian of the public records relating to land grants, he not being charged with fraud.

Commonwealth. for use of Bryant v. James, Auditor.

5.  Venue—Residence of Defendants—Effect of Misjoinder.—An
    action to cancel a patent for fraud being a transitory ac-
    tion, the F. county circuit court had no jurisdiction of parties
    who did not reside in and were not served in F. county; the
    only defendant residing therein not being a proper party.

G. P. JOHNSON, T. Z. MORROW and E. L. STEPHENS for
appellant.

H. C. CLAY, JAS. BREATHITT attorney general and CHAS.
H. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirm-
ing.

By virtue of his office as Auditor of State, Frank
P. James is custodian of the records of the Land
Office, and performs the duties pertaining thereto
formerly exercised by the register of the Land
Office. It is his duty to receive and file surveys of
vacant lands, and to issue patents therefor, which
are signed by the Governor. In 1851 a warrant was
issued by the clerk of the Whitley county court for
40,000 acres of vacant and unappropriated land in
that county to Enoch Cox, James C. Williams, and
James McLancy. On February 28, 1851, W. C.
Gillis, surveyor of Whitley county, certified that he
on that day had surveyed 2,000 acres for W. C.
Gillis, assignee of Cox, Williams, and McLancy
under the foregoing warrant, setting out the lines
and description of the tract surveyed by appropriate
metes. This survey does not appear to have been
carried into grant until 1908, when a copy of the
certificate from the county surveyor's books was
produced to the Auditor of Public Accounts, who
prepared the necessary patent, which was signed by
the Governor, and issued to the assignees of Gillis
and delivered. In 1854 there was issued a patent

for 10,000 acres in Whitley county to Jacob Hudson and Cyrenius Wait. The title conveyed by this grant has devolved by numerous mesne conveyances to the appellant, Roberta S. Bryant. The survey on which the 10,000-acre grant was issued was made in 1854. The patent recites: "Platting out of the survey of all lands heretofore conveyed." It is said that both grants embrace within their exterior lines identical lands. This suit was brought in the Franklin circuit court by Roberta S. Bryant, suing in her own name, and in the name of the commonwealth of Kentucky, against various persons, appellees, who are declared to be the claimants of the 2,000-acre patent issued on the first-named survey, and against the Auditor of State, praying that the Auditor be enjoined to cancel and annul the patent for the 2,000 acres, and that the other defendants be enjoined from claiming title under it, and from using the patent as evidence of title. It is further alleged in the petition that the county of Whitley was not paid the fee for obtaining the warrant, and that it was never in fact, and could not have been in law, assigned to Gillis; and that the necessary papers were not filed in the Auditor's office justifying his issuing the patent. It is also stated that there is a civil suit pending in the Whitley circuit court between the claimants to the patents, or some of their privies, and that one of the parties (appellees here, excepting Auditor James) is threatening to use the 2,000-acre patent and the survey upon which it is issued as evidence against the validity of the 10,000-acre patent. The real purpose of this present suit seems to be to prevent the parties from using in another suit between them public records of this state.

If it should be conceded that the 2,000-acre patent is void, upon the ground that the Land Office was without jurisdiction to issue the patent, that fact may be shown collaterally in the civil suit pending in Whitley.   Wilcox v. Jackson, 13 Pet. 511, 10 L. Ed. 264; Rector v. Gibbon, 111 U. S. 276, 4 Sup. Ct. 605, 28 L. Ed. 427; Doolan v. Carr, 125 U. S. 618, 8 Sup. Ct. 1228, 31 L. Ed. 844; Atchley v. Latham, 2 Litt. 363.

But if it is claimed that the patent is void for fraud practiced upon the commonwealth, or upon the county court issuing the warrant, then the patent must be attacked in a direct proceeding to vacate it. Marshall v. McDaniel, 12 Bush, 381; Aulick v. Colvin, 6 B. Mon. 290, 43 Am. Dec. 164; Taylor v. Fletcher, 7 B. Mon. 84.

If it should be conceded, further, that this suit was intended for the last-named purpose, then it is a transitory action to which only the respective claimants are necessary or proper parties.   We cannot perceive that the Auditor of State, because he is the custodian of the public records affecting land grants, is a proper party to an action to vacate a grant obtained not by his fraud, any more than the clerk of the county court would be in a suit to annul a deed obtained by fraud.   The record is required to be kept, and it must disclose truthfully all that is required to be recorded therein.   If a party has obtained false evidence upon which the record is predicated, the course is not to compel the public custodian to mutilate or alter his record.

The Auditor not being a proper party to the action, his special demurrer to the petition was properly sustained.   And as he was not a proper party, the action being transitory, the Franklin circuit

court had not jurisdiction of the other parties, none of whom resided in or were served in Franklin county. The circuit court so adjudged, and the judgment is affirmed.