## Slone, et al. v. Kelley.

(Decided April 13, 1911.)

### Appeal from Knott Circuit Court.

1. Land—Action to Recover—Pleading.—In an action for the recovery of land where the answer merely put in issue the plaintiff's claim of title, a statement of facts in which a judgment in another action was sought to be avoided had no place in the reply.

2. Same—Refusal to Permit Amended Petition to be Filed.—The refusal to permit an amended petition to be filed cannot be considered on appeal where the amendment is not made a part of the record.

J. M. & H. T. BAILEY for appellants.

SMITH & COMBS and BAKER & CRAFT for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This action was instituted in the Knott Circuit Court by plaintiffs for a recovery of a tract of land in the possession of the defendant. Plaintiffs claim to be the owners in fee of said land, subject to the life estate of their father therein. The defendant denied plaintiffs' title and set up ownership in himself by purchase from plaintiffs' father. In a reply plaintiffs pleaded that the land in question had been deeded to them by their father in March, 1900, and that in the deed he reserved to himself a life estate therein; that at the time they were all infants, most of them under fourteen years of age; that in 1903 their father filed suit against them to have the deed set aside, and, in 1904, procured a judgment granting him

this relief to be entered. They allege that this judgment is void upon several grounds. They admit that their father attempted to convey this land after the entry of the judgment to the defendant, but insist that no title passed by reason of said conveyance. They prayed for damages for cerain trespass committed by defendant upon the land, and for a judgment awarding them the possession thereof. The affirmative matter in the reply was traversed, and upon motion of plaintiffs the case transferred to equity. So much of the reply as attacked the validity of the judgment setting aside the deed to plaintiff was, on motion of defendant, stricken out. Thereafter plaintiffs offered to file an amended petition, setting out in detail the defects in the judgment against them, but, upon objection, this amendment was not permitted to be filed. Upon the issues formed and proof taken the case was submitted for judgment, and the Chancellor was of opinion that the plaintiffs had failed to make out a case. He entered a judgment dismissing their suit and quieting the defendant's title to the land.

From that judgment this appeal is prosecuted. It is urged first that the court erred in striking certain paragraphs from the reply. Sec. 98 of the Code provides that "A reply may contain: 1. A traverse; 2. A statement of facts which constitute an estoppel against, or avoidance of, a set off, counterclaim or defense stated in the answer; 3. A counterclaim against a set-off; 4. A cross-petition."

As the answer merely put in issue plaintiffs' claim of title to and ownership of the land, it is apparent that the statement of facts upon which plaintiffs sought to avoid the effect of the judgment in the suit of their father against them had no place in the reply. The aim and purpose of this pleading was to vacate the old judgment, and, if admissible at all, it should have come in an amended petition. The court did not err in striking all of this matter from the reply.

It is next insisted that the court erred in refusing to permit the amended petition to be filed. This objection cannot be considered for the reason that the amendment is not made a part of the record. The only orders of court in reference to this amendment are the order reciting that the amendment is offered, followed by an order showing that the court refused to permit it to be filed. Before it can be considered it must have been made

a part of the record. Young v. Bennett, 7 Bush, 474; Johnson v. Miller, 12 Law Rep. 82.

With the condition in which these rulings of the trial court left the pleading, the issue was a simple one—were plaintiffs, or was the defendant the owner of the land in question? They each claimed from a common source, to-wit, plaintiffs' father. Plaintiffs relied upon a deed which had by order and judgment of a court of competent jurisdiction been set aside and cancelled. Defendant's claim is rested upon a deed which is unassailed. Under this state of facts the Chancellor could not have decided otherwise than as he did.

Judgment affirmed.