### Rosiclaire Lead & Fluorspar Mining Company v. Stone.

(Decided May 8, 1931.)

C. S. NUNN and CHAS. H. WILSON for appellant.

CHARLES FERGUSON and J. R. WELLS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant (hereinafter called the Fluorspar Co.) began this action against D. H. Stone in an effort to get its title quieted and to rid itself of the claim Stone was asserting to a portion of the property of the Fluorspar Co. The court found for Stone, and the Fluorspar Co. has appealed.

On May 12, 1864, two patents were issued by the commonwealth to John N. Tolley. One was for 50 acres and the other for 40 acres. Tolley remained in possession of the land, described in those patents, until his death in the year 1905. By the terms of his will this and other property was devised to four of his children, one of whom was Sarah Luvenia Lamb. These children partitioned this land, and in the partition there was conveyed to Mrs. Lamb 70 acres of land, very irregular in shape, so much so, in fact, that it was bounded by 16 different lines.

After describing this 70-acre tract, with particularity, by metes and bounds, the description goes farther and says:

"A part of this land was patented by J. N. Tolley in a 50 acre patent by the Commonwealth of Kentucky on the 12th day of May, 1864, and recorded in the Land Office of Kentucky in Book 64, page 251, the balance of said land was patented to J. N. Tolley in a 40-acre patent by the Commonwealth of Kentucky on the 12th day of May, 1864, and recorded in the Land Office of Kentucky in Book 64, page 250."

From a reading of the part of the description just quoted, it would appear that all of this 70 acres had been carved out of these two patents, but as matter of fact

there was included in this 70 acres two small tracts, one of 10.8 acres, and the other of 2¼ acres, which were not embraced in either of these patents. Mrs. Lamb continued in the possession of this 70-acre tract until September 7, 1923, when she sold to the Fluorspar Co. About that time it was ascertained that these two small tracts, included in this 70-acre boundary, were not parts of either of these patents, and this record does not disclose how these two tracts came into the possession of John N. Tolley.

D. H. Stone, conceiving that these two tracts were vacant land, had them surveyed on August 4, 1925, and on the 8th of November, 1926, patents for them were issued by the commonwealth to him, and he then began to fence them, cut timber on them, and to assert ownership of them. Thereupon the Fluorspar Co. made application to the county court to have its land processioned, and on the 14th of May, 1928, the processioners reported a boundary and description of this 70 acres, which is practically identical with the boundary contained in the deed from Tolley's heirs to Mrs. Lamb and from her to the Fluorspar Co. Stone continued to assert ownership of the two tracts for which he had obtained patents, and on March 16, 1929, the Fluorspar Co. sued him to quiet its title to this 70 acres, asked for an injunction to prevent his further molestation and for $100 damages for timber cut, etc.

The principal question is: May land be patented which has not therebefore been patented by the commonwealth to any one but which is at the time in the possession of another? The answer is, "No." See Crider v. Crum, 233 Ky. 414, 25 S. W. (2d) 1009; War Fork Land Co. v. Llewellyn, 199 Ky. 607, 251 S. W. 663.

With this question answered adversely to Stone, all other questions raised fade out of the picture. The proof shows the Fluorspar Co. has been in possession of all of this 70 acres of land since the purchase of it; that Mrs. Lamb was in possession of it during the time she owned it and her father before her. Stone contends there had been no plea of adverse possession when this evidence was taken, and that such plea was not filed until July 14, 1930, fifteen days before the question was submitted, and Stone contends his exceptions to this evidence should have been sustained because not supported by a plea of adverse possession and that the court should not have

allowed this amended petition to be filed on the eve of submission.

This evidence was competent under the pleadings theretofore filed. The Fluorspar Co. was not asserting ownership by adverse possession, but was asserting that because it had possession when Stone took the steps that ripened into his patents therefore his patents were void, and unfortunately for Stone that is true. Stone owned land adjoining both these tracts. He testified he had been acquainted with them for 30 years. He did not deny that the Fluorspar Co. and its predecessors in title had been in possession of them, and when he was asked if he knew of any claim by any person to either of these tracts at the time he got his patent, he said this: (Sic) "I was aware of the fact that the Rosiclaire Mining Co., had a line in the call of the deed." As he had not denied the Fluorspar Co.'s possession, this answer practically amounts to an admission that it had possession. The court erred in failing to give to the Fluorspar Co. the relief it asked.

The judgment is reversed, with directions to enter judgment as indicated.