## Givens v. United States Trust Co.

(Decided Dec. 5, 1933.)

588

ISHAM G. LEABOW, FLEM D. SAMPSON and J. M. ROBSION for appellant.

W. T. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This action involves the title to certain mountain land situated in Bell county, Ky. It is wholly unfit for agricultural purposes. Its entire value consists of the growing timber, and the coal and other minerals thereunder. The stipulated facts show that the appellants and the appellees respectively held title by mesne conveyances, both titles deducible from the commonwealth. The appellants assert title under a patent issued to Thomas Marsee, No. 66844, dated May 27, 1903, based on a survey dated in 1869; the appellees under a patent issued to W. H. DeGroot and others, dated July 16, 1870, based on a survey made March 16, 1870.

The order of the county court authorized Thomas Marsee to appropriate fifty acres of vacant and unappropriated land in Josh Bell county. The survey of it under this order of court was made in 1869. Thomas Marsee verified an affidavit which is not dated, before a notary public, setting forth the survey of James B. Partin, surveyor of Josh Bell county, and it recites the survey had been made January 24, 1869. This affidavit, together with a copy of the order of the county court and a copy of the survey made by the county surveyor, were lodged with the register of the land office at Frankfort, Ky., in February, 1903, for the purpose of obtaining a patent to the fifty acres. The patent was issued in the name of Thomas Marsee on May 27, 1903. The Marsee patent is attacked by the appellees on the grounds: (a) The order of the county court (land warrant) by virtue of which the patent was issued was never made or entered of record; (b) the survey, if ever made, was made and recorded long after the land had been previously entered, surveyed and patented; (c) laches or long delay in obtaining the patent and alleged survey should be treated as abandoned; (d) the county court order and survey are dated on Sunday and are therefore void.

Considering together topics (a) and (b) and (d), it is sufficient to say that it has been repeatedly held by this court that vacant and unappropriated land under the statute in force from 1868 to 1871, the time the land in controversy herein was surveyed, when once appropriated by an entry, survey, or patent, is not thereafter subject to another appropriation and a junior entry, survey, or patent is absolutely void to the extent it covers or embraces the land previously entered, surveyed, or patented. American Ass'n, Ltd., v. Innis, 109 Ky. 595, 60 S. W. 388, 22 Ky. Law Rep. 1196; Gibson v. Board, 102 Ky. 505, 43 S. W. 684, 19 Ky. Law Rep. 1568; McMillan's Heirs v. Hutcheson, 4 Bush, 613; Kirk v. Williamson, 82 Ky. 161; Goosling v. Smith, 90 Ky. 157, 13 S. W. 437, 11 Ky. Law Rep. 991; Davidson v. Coombs, 5 Ky. Law Rep. 812; Mullins et al. v. Robinson, 210 Ky. 461, 276 S. W. 156; Ky. Stats., secs. 4702, 4703, and 4704.

The patent issued in 1903 on the entry and survey made in 1869 prevails over another issued in 1870 upon a junior entry and survey made in that year. See authority, supra.

The entry, survey, and patent under which Givens asserts title can be attacked as void for any reason, only in a suit of the commonwealth brought for that specific purpose, and until it is declared void in such action, the court cannot ignore or treat it as void in litigation between junior and senior patentees, the senior patent being regular on its face and not having been issued in contravention of the statute. Frazier v. Frazier, 81 Ky. 138; Marshall v. McDaniel, 12 Bush, 381; Bevins v. Collinsworth, 141 Ky. 423, 134 S. W. 441; Farris v. James, 142 Ky. 95, 133 S. W. 1197; Commonwealth v. James, Auditor, 138 Ky. 475, 128 S. W. 338; Aulick v. Colvin, 6 B. Mon. 289, 43 Am. Dec. 164.

The attack of the order of the county court under which the Marsee patent was issued, the entry and survey made thereunder and entered of record in the surveyor's office, and filed in the register's office at Frankfort may not be made in this collateral proceeding. Slone v. Kelley, 143 Ky. 136, 136 S. W. 138; Spalding v. Alexander, 6 Bush, 160; Uhl, etc., v. Reynolds, 64 S. W. 498, 23 Ky. Law Rep. 759; Cain v. Flynn, 4 Dana (34 Ky.) 501; Miller v. Breathitt Coal, Iron & Lumber Co.,

590

152 Ky. 396, 153 S. W. 468; Dohoney v. Dohoney, 7 Bush (70 Ky.) 217; Ray v. Catlett, 12 B. Mon. 532.

The appellees cannot recover on the defect or weakness of Givens' title, but must recover on the strength of their own title. They are without right so long as the Marsee patent is not attacked in a suit by the commonwealth on the ground of fraud or false representation in this proceeding to attack it on either of these grounds. See cases, supra.

The Marsee entry was in 1868; the survey thereunder was in 1869. The entry and survey, under which the patent of the appellees was issued, was in 1870. At the time of the issuance of their patent, the Marsee entry and survey had not been abandoned. Section 4704, Kentucky Statutes, declares:

> "None but vacant land shall be subject to appropriation under this chapter. Every entry, survey, or patent made or issued under this chapter shall be void, so far as it embraces lands previously entered, surveyed, or patented." "The legal title of the land shall bear date from the time of making the survey."

Under this language of the statute the legal title of the Marsee entry and survey must bear date from the date of the survey in 1868. The doctrine of laches under these facts has no application and may not be resorted to by the appellees to defeat the title of the appellants. Wherefore the judgment is reversed for proceedings consistent herewith.