Frazier, &c., v. Frazier.

Case 22—ORDINARY—May 5, 1883.

# Frazier, &c., v. Frazier.

### APPEAL FROM LETCHER CIRCUIT COURT.

1. A patent is issued by the commonwealth giving metes and bounds, and stating upon its face that the tract contained 200 acres. It contained 300 acres.
2. The patent not being void upon its face, parol proof cannot be introduced to vary or contradict its metes and bounds.
3. The facts which bring the patent within the statutory denunciation may be shown by proof in a statutory proceeding, or the patent itself may be relied upon to show its own invalidity upon its face.
4. No other modes of attacking a patent exist.

JOHN & J. W. RODMAN and JAMES P. MARRS for appellants.

1. The proof clearly shows that appellee only purchased 200 acres of land from Day, and appellee's vendor only intended to convey him that quantity.
2. The patent was issued by mistake, and it ought to be corrected.

JOHN L. SCOTT for appellee.

1. The metes and bounds fixed on the face of the patent must govern.
2. Unless it is void upon its face, all its recitals must be taken as of record. The patent is not void, as all admit.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

Fields procured a patent from the commonwealth in 1846 for a boundary of land, which, the patent states, contains two hundred acres.

Fields sold to Day, and Day sold the boundary to the appellee, and he took possession thereof in 1867.

Afterwards Day sold a part of the boundary to the appellants, who obtained a patent for another part of it in 1868, and entered under the patent and purchase from Day.

The appellee brought this action of ejectment, relying upon the senior patent to Fields, and the appellants defended on the ground that there was a mistake in the metes and bounds, courses and distances set out in Fields' patent, which, instead

of embracing only two hundred acres, includes three hundred acres, and that, as to the excess above two hundred acres, it was vacant and unappropriated land, which the appellants had the right to enter and carry into grant.

This is the only point necessary to notice, as limitation, which was also pleaded, is unavailing, the possession not being wholly adversary or for a sufficient length of time to complete the statutory bar.

Can oral proof be permitted to alter, vary, or contradict the metes and bounds of the patent to Fields?

According to the current of recognized authority, the validity of a patent cannot be inquired into, nor can a party travel behind it to show it to be void, in a collateral proceeding or issue, unless the patent is void upon its face, or has been issued in contravention of a state of case described by statute, and which the statute declares shall render such patents void, or under such circumstances as the statute declares to be fraudulent. The facts which bring the patent within the statutory denunciation may be shown by parol proof in a collateral proceeding, or the patent may be relied on to show its own invalidity appearing on its face. We know of no other modes of attacking a patent in a collateral proceeding. (Jennings v. Whitaker, 4 Mon., 51; Bledsoe's Devisees v. Wells, 4 Bibb, 329; Marshall, &c., v. McDaniel, 12 Bush, 381; Taylor v. Fletcher, 7 B. M., 82; Clark v. Jones, 16 B. Mon., 126.)

It is not necessary to decide what the law is in a direct proceeding in the name of or by the commonwealth to repeal or vacate Fields' patent for the excess of one hundred acres; it is enough for us to say in this case, as between the parties, the patent is conclusive, it not being void upon its face or shown to be fraudulent or void because in contravention

of any statutory law specifying the state of case which would render it void or fraudulent.

The metes and bounds, courses and distances from which the true quantity of the boundary can be ascertained, and by which it is to be governed in construing the extent of the conveyance by the patent from the commonwealth, are the highest and best evidence of the number of acres the commonwealth intended to convey, and they must control the general statement in the patent that the boundary contained two hundred acres. The state, therefore, having parted with the title to the three hundred acres as vacant land, cannot again issue a patent for any part thereof; and it follows that the appellants' patent issued in 1868, so far as it conflicts with the entry and patent of Fields, is void by express statute. (Section 3, chapter 109, General Statutes; Hartley v. Hartley, 3 Met., 59.) Day's sale to the appellants, and their intrusion under him, was champertous and void to the extent of the entry upon the boundary embraced in the Fields patent.

The judgment is affirmed.