## McClendon v. Tompkins, et al.

(Decided October 30, 1912.)

Appeal from Pulaski Circuit Court.

1. Patents—When Validity Can Be Inquired Into—In Collateral Proceedings.—The validity of a patent cannot be inquired into, nor can a party travel behind it to show it to be void, in a collateral proceeding or issue, unless the patent is void upon its face; or has been issued in contravention of a state of case prescribed by statute, and which the statute

declares shall render such patents void; or under such circumstances as the statute declares to be fraudulent.

2. Patents—Collateral Proceeding—Parol Proof.—The facts which bring a patent within statutory denunciation may be shown by parol proof in a collateral proceeding, or the patent may be relied on to show its own invalidity where it appears on its face.

3. Patents—Right of County to Sell Unoccupied Land.—Under the statutes which gave the right to the several counties of the State to sell unoccupied lands in such counties, the rights and powers of the several counties and their officers, to sell such lands, are strictly local and territorial, and cannot extend to land not lying within the county.

4. Patents—Void as to Land Outside of County.—A patent issued upon a survey made pursuant to a warrant issued by a county, is void in so far as it embraces land which does not lie within said county.

L. G. CAMPBELL for appellant.

O. H. WADDLE & SONS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, J. R. McClendon, brought this action against Garnett Tompkins and Mary McClendon to recover $250 damages for trespass and cutting timber from a tract of land containing 80 acres, lying in Pulaski County, and for an injunction to prevent appellees from further trespassing thereon. The case was tried by a jury. At the end of appellant's testimony, the court sustained appellees' motion for a peremptory instruction, and directed the jury to find a verdict for the defendants, which was done; and from a judgment upon that verdict the plaintiff prosecutes this appeal.

The 80 acres in controversy is a part of a 280 acre patent issued by the Commonwealth to George B. McClendon, appellant's grandfather, in 1847. This patent was based upon a warrant issued by the Russell County Court; but it was shown beyond any doubt that that portion of the survey from which the timber was cut, lies in Pulaski County.

It is contended, therefore, by appellees, and the trial court adjudged, that the patent was void in so far as it undertook to convey land lying in Pulaski County, the warrant having been issued by the Russell County Court.

As a ground for reversal the appellant insists that since it clearly appeared that the land in controversy

was covered by the patent of 1847 for land sold by Russell County it was error for the trial court to permit the appellees to defeat the patent, in part, by parol evidence which showed that the land from which the timber was cut, although embraced within the survey of the patent, was really in another county.

In support of his contention appellant relies upon Bledsoe's Devisees v. Well, 4 Bibb., 329, and Frazier v. Frazier, 81 Ky., 138, which held, in substance, that a grant by the Commonwealth cannot be attacked collaterally, and cannot be avoided by matter *de hors* the grant. The general rule is as stated by appellant, but he fails to give some necessary qualifications to the rule which were fully recognized in both of the cases cited. In Frazier v. Frazier, *supra,* the rule, in full, was stated to be as follows:

"According to the current of recognized authority, the validity of a patent cannot be inquired into, nor can a party travel behind it to show it to be void, in a collateral proceeding or issue, unless the patent is void upon its face, or has been issued in contravention of a state of case described by statute, and which the statute declares shall render such patents void, or under such circumstances as the statute declares to be fraudulent. The facts which bring the patent within the statutory denunciation may be shown by parol proof in a collateral proceeding, or the patent may be relied on to show its own invalidity appearing on its face. We know of no other modes of attacking a patent in a collateral proceeding."

Therefore, if a patent is void upon its face, or has been issued in contravention of a state of case described by statute, and which the statute declares shall render such patent void, or under such circumstances as the statute declares to be fraudulent, it may be attacked by parol proof in a collateral proceeding, as was done in the case at bar. This case comes under the second exception above laid down, since the patent of 1847 contravenes the statute in so far as it attempted to embrace land in Pulaski County, under a warrant issued by Russell County.

This question was reviewed at some length in Hart v. Rogers, 9 B. Mon., 418, where the court after reviewing the provisions of the acts of 1835 and 1837, which related to the sales of unoccupied lands by the several

counties of the State, held that the power given the county court to sell such lands is limited to the land vested in that court. In stating the result of the statutory authority upon the subject, the court said:

"The statement of these provisions is sufficient without comment, to show that whether we regard the letter or the general scope and object of these statutes, the rights and powers conferred by them upon the several county courts and their officers, are strictly local or territorial, and that under these statutes no right can be derived either from a county court or a county treasurer, to land not lying within their own county."

The ruling made in Hart v. Rogers has been approved and followed by this court in McGuire v. Kirk, 16 Ky. Law Rep., 87, 26 S. W., 585, and in American Association (Limited) v. Short, 97 Ky., 507.

The question raised by appellant, is, therefore, closed in this jurisdiction; and, under the facts shown by the plaintiff, the trial court properly directed a verdict for the defendants.

Judgment affirmed.