## Mason, Jr. v. Fuson.

(Decided June 16, 1916.)

## Appeal from Bell Circuit Court.

1. Public Lands—Disposal of by State—Collateral Attack of Patent.— Ordinarily the validity of a patent cannot be collaterally attacked, but there are some exceptions to this rule as where the patent is void upon its face, or has been issued in contravention of a statute which declares that the issuance of the patent under the circumstances prohibited shall render it void or where it is issued under circumstances which the statute declares to be fraudulent.

2. Public Lands—Disposal of by State—When Patent Void.—Under section 4704 of the Kentucky Statutes every entry, survey and patent of land is void if the same land had been previously entered, surveyed or patented.

3. Public Lands—Disposal of by State.—The previous entry or survey that will render void subsequent entries, surveys and patents must be legal and valid.

4. Public Lands—Entry and Survey.—A land warrant issued by the county court is essential to the validity of an entry and survey of vacant lands to the county.

5. Joint Tenancy—Trespass—Action For.—A joint owner of land cannot recover for trespass more than his proportionate part of the whole damage done.

N. J. WELLER for appellant.

C. HURST, C. I. DAWSON and B. B. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

December 11, 1886, a patent based upon an entry of November, 1885, and a survey of November 30, 1886, was issued by the Commonwealth of Kentucky to John Partin, for twenty-six acres of the land located in Bell county, Kentucky, and described by metes and bounds. This patent is No. 60,506.

On April 15, 1887, a patent based upon an entry of July 3, 1886, and a survey of July 23, 1886, was issued by the Commonwealth to said John Partin for fifty acres of land located in Bell county adjoining the 26-acre tract and described by metes and bounds. This patent is No. 60,607.

Appellant tracing his title to these patents, brought this suit to recover for trespass upon said seventy-six acres by appellant. Appellee, by answer, attacked the

validity of the two Partin patents under which appellant claimed title to the land upon the ground that at the time they were issued the land was not vacant, but had theretofore been appropriated by L. H. Thickston by entries and surveys Nos. 45, 47, 49, 51 and 53, made by him on the 21st day of December, 1870, and alleging that he was the equitable owner and in possession as successor in title to Thickston to all of the land claimed by appellant.

At the close of all the evidence a peremptory instruction was given by the court in favor of appellee upon his motion, and appellant's petition was dismissed, to reverse which judgment he appeals.

The only question involved is whether or not the Partin patents, *supra*, were void under section 4704 of the Kentucky Statutes which, in so far as involved here, is as follows:

"None but vacant land shall be subject to appropriation under this chapter. Every entry, survey, or patent made or issued under this chapter shall be void, so far as it embraces lands previously entered, surveyed or patented."

Appellant seeks to avoid the invalidity of the Partin patents because of the prior entries and surveys of the same land by Thickston upon the grounds: (1) That the Thickston entries and surveys were irregular and illegal, and the statute applies only to legal and valid entries and surveys to render void a subsequent appropriation, and (2) that even if Thickston's entries and surveys were valid, they were never carried into grant, and had been abandoned by Thickston long before the Partin entries and surveys and issual of the patents thereon.

1. That the entries and surveys by Thickston were informal and invalid is based upon the fact that the order book of the Bell county court fails to show that any county court warrants or orders were ever issued to L. H. Thickston alone authorizing him to survey and appropriate any of the lands in Bell county as provided by section 4703 of the Kentucky Statutes. It is admitted, however, that in the county court order books are orders issuing warrants to Thickston and others jointly in March and April, 1870, and in the surveyor's book, which is a record book required to be kept by the county surveyor, there are alleged copies of orders of

the Bell county court for warrants to L. H. Thickston alone of date December 19, 1870, certified as such and signed by the clerk of the said county court and surveyor of the county together with the entries and surveys.

2. While, ordinarily, the validity of a patent cannot be collaterally attacked, there are at least three exceptions to this general rule, as where the patent is void upon its face or has been issued in contravention of a statute which declares that the issuance of the patent under the circumstances prohibited shall render it void or where it is issued under circumstances which the statute declares to be fraudulent. Miller, et al. v. Breathitt Coal, Iron & Lbr. Co., 152 Ky. 396; Frazier v. Frazier, 81 Ky. 138; Jennings v. Whitaker, 4 T. B. Monroe 51; Clark v. Jones, 16 B. Monroe 126; Bledsoe's Dev.'s v. Wells, 4 Bibb. 330; Taylor v. Fletcher, 7 B. Monroe, 81.

And it has uniformly been held in a long line of cases that an entry, survey and patent of land which had theretofore been entered, surveyed or patented is void under section 4704 of the statutes referred to above which had its origin in the act of 1835. Kirk v. Williamson, 82 Ky. 161; Gooslin v. Smith, 90 Ky. 157; Davidson v. Combs, 5 K. L. R. 812; Terry v. Johnson, 16 K. L. R. 309 and Gibson v. Board, 102 Ky. 505.

The previous entry or survey, however, that will render void a subsequent entry, survey or patent must be a subsisting legal entry or survey. Stansberry's Heirs v. Pope, 6 J. J. Mar. 192; Bryant v. Ky. Lbr. Co., 144 Ky. 755, and Ford v. Bryant, 158 Ky. 97.

It therefore results that the Partin entries, surveys and patents of 1887 and 1888 under which appellant claims title to the land in controversy are void by reason of the previous entries and surveys of L. H. Thickston made in 1870, under which appellee claims if the Thickston entries and surveys were legal, but not otherwise. It being admitted that the entries and surveys of Thickston were actually made and recorded in the county surveyor's book, it results that they were legal and valid if they were made under and by virtue of land warrants, issued by the county court, but that they were invalid and illegal if not authorized by regularly issued land warrants from the Bell county court in which

county the land was located. As the county court is a court of record, warrants can be issued by it only upon orders of the court, which orders can be proven only from the records of the court, unless said records have been destroyed. The alleged copies of orders of the county court certified as such by the then county court clerk and of record in the county surveyor's book are presumptive evidence of the existence of such orders, and, in the absence of other proof, were sufficient to create a prima facie case for appellee that such orders had in fact been made.

However, appellant in rebuttal introduced the present county court clerk who, as custodian of the records of that court, produced the order book covering the period from 1868 to 1875, and testified that that was the only record of orders of said court covering that period in his office of which he had any knowledge, and in said order book there were no such orders, granting to L. H. Thickston land warrants upon December 19, 1870, or any other date, as the alleged certified copies of orders found of record in the surveyor's book. Hence the copies in the surveyor's book which purport to be certified copies of orders of the county court are shown by the records of the county court to have had no existence in fact. The Thickston entries and surveys are therefore, as shown by this record, lacking in the first essential to their validity. A valid entry and survey cannot be made, of course, until a warrant authorizing same has been issued by the county court; and the alleged certified copies of such orders found in the surveyor's book upon which the validity of the Thickston entries and surveys depend are conclusively contradicted by the county court record.

There being no question presented of an adverse possession for the statutory period and the defense being rested solely upon the validity of the Thickston prior entries and surveys which had not been carried into grant, it results that the motion for a peremptory instruction was erroneously sustained, and that the judgment resulting therefrom must be reversed.

Appellant showed title under the Partin patents with certainty to only an undivided three-fourths interest in the land. If upon another trial he should succeed he will be entitled to recover of course only the proportionate part of the whole damage shown, that the title he may

establish bears to the title to the whole of the land. Rush v. Cornett, 169 Ky. 720.

Wherefore, the judgment is reversed for proceedings consistent herewith.

The whole court sitting.