## Mason, Jr. v. Fuson, et al.

(Decided October 12, 1916.)

Petition by Appellees for a Rehearing.

Public Lands—Collateral Attack of Patent.—An entry and survey, not carried into grant, may be. collaterally attack'ed when offered, under section 4704, Kentucky Statutes, to invalidate a patent issued by the Commonwealth.

N. J. WELLER for appellant.

C. HURST, C. I. DAWSON, B. B. GOLDEN and M. T. KELLEY for appellees.

RESPONSE BY JUDGE CLARKE TO PETITION OF APPELLEES FOR A REHEARING.

The opinion in this case, reported in 171 Ky. 111, does not ''open to collateral attack the validity of every patent ever issued by the State of Kentucky'' as counsel for appellees fear it will, because appellees' claim to the land involved here was based upon an entry and survey that had not been carried into grant. Hence, the rule, long and thoroughly established, that a patent cannot be collaterally attacked was not in any way involved in the denial of appellees' claim. The rule was not only recognized in the opinion and cases cited supporting it, but the exceptions to that rule were pointed out. The only purpose for doing this was to show that the collateral attack made in this suit by appellees upon appellant's patent was within one of the exceptions to the rule and therefore permissible.

The opinion goes only so far as to hold that an entry and survey, not carried into grant, may be collaterally attacked when offered, under section 4704 of the Kentucky Statutes, to invalidate a patent issued by the Commonwealth, and that this may be done has been expressly decided by this court in the cases cited in our opinion, viz: Stansberry's Heirs v. Pope, 6 J. J. Mar. 192; Bryant v. Ky. Lbr. Co., 144 Ky. 755; and Ford v. Bryant, 158 Ky. 97.

In order to make it clear that the opinion herein is not in conflict with the doctrine that a patent may not be collaterally attacked, we make this addition thereto.

The petition for a rehearing is overruled.