### BELL v. STEARNS COAL & LUMBER CO. et al.

Court of Appeals of Kentucky.

March 7, 1952.

W. C. Dabney, Monticello, for appellant.

J. M. Kennedy, Monticello, Ben D. Smith, Somerset, for appellees.

MOREMEN, Justice:

This appeal presents for decision the question of the ownership of about 8 acres of land.

In the year 1905, appellant discovered this parcel of ground which he believed to be vacant and unappropriated. He filed with the Secretary of State a plat and survey which contained a description of the tract herein involved. (We find in the loose papers in the record an original grant issued on this survey to appellant which is marked, "S. J. Bell Ex A" and was not identified with certainty in the transcript of evidence.)

Appellees contend that the 8 acre tract surveyed by appellant, when located upon the ground, lies wholly within a 30 acre tract granted to Isaac Burnett by patent dated December 13, 1867, from whom they have title to the land by mesne conveyances.

Section 3 of Chapter 136, Acts of 1893, which was codified as Section 4704 of the Kentucky Statutes, and was in force at the time of appellant's survey, reads in part: "None but vacant land shall be subject to appropriation under this chapter. Every entry, survey, or patent made or issued under this chapter shall be void, so far as it embraces lands previously entered, surveyed, or patented."

In Mason v. Fuson, 171 Ky. 111, 186 S.W. 891, 892, it was written: "It has uniformly been held in a long line of cases that an entry, survey, and patent of land which had theretofore been entered, surveyed, or patented is void under section 4704 of the Statutes, referred to above, which had its origin in the act of 1835."

Appellant, S. J. Bell, a practical surveyor, testified that there was no conflict between the boundaries of the 8 acre tract of land claimed by him and the boundaries of the Burnett patent, and that when his survey is located on the ground it does not lie within the boundaries of the 30 acre tract. His testimony was supported by N. B. Perkins who helped him make one of the many surveys he had made of this tract.

Appellees introduced surveyors and their assistants who testified that the actual location of Bell's survey on the ground placed it entirely within the boundaries of the senior patent.

In Louisville Property Co. v. Lawson, 156 Ky. 288, 160 S.W. 1034, 1036, where the evidence of surveyors conflicted concerning the true location of a survey on the ground, we held that a factual matter for determination by a jury was presented, saying: "Be this as it may, it is patent that there was a contrariety of evidence as to the proper location of the lines of the Lawson patent; and, this being so, the location of its lines should have been left to the jury", and quoted with approval this language: " 'In cases of boundary which depend upon the swearing of witnesses, it would, no doubt, be incompetent for the court, by any sort of instructions that might be given, to withdraw from the jury a decision upon the weight of the testimony and the facts which the testimony conduced to establish. The actual position and identity of a boundary in such a case would be exclusively a question of fact for the consideration and determination of the jury, and not the court.' "

34

· In the case at bar a true issue concerning the correct location of the boundary lines of the various patents was joined by the pleadings and by the conflict in evidence, and we are of opinion that this issue was properly submitted to the jury.

 The jury found, by its verdict, that the boundaries of the 8 acre tract, when correctly located on the ground, were within the boundaries of the senior patent. We cannot accept appellant's contention that he was entitled to a directed verdict.

The judgment is affirmed.